IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| JUAN GARCIA<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 7:23-cv-00204 |
| NATIONWIDE GENERAL<br>INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Juan Garcia v. Nationwide General Insurance Company*; Cause No. CC25458; In the County Court at Law No. 1 of Midland County, Texas.

### I.
### BACKGROUND

1. Plaintiff Juan Garcia (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. CC25458 in the County Court at Law No. 1 of Midland County, Texas on November 8, 2023 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on December 11, 2023, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a), no process, pleadings, and orders were served upon Defendant in the State Court Action as an agreement to waive service was reached. A full copy of

the state court file has been requested and will be filed upon receipt. The State Court Action docket sheet is attached as **Exhibit C.**

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the County Court at Law No. 1 of Midland County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

7. Plaintiff Juan Garcia is an individual domiciled in the State of Texas. *See* **Exhibit A,** Plaintiff's Original Petition with Citation, at ¶ 4. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Defendant Nationwide General Insurance Company is a corporation organized under the laws of Ohio and maintaining its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

10.     Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

11.     Here, Plaintiff's Original Petition seeks "monetary relief under $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees." **Exhibit A**, Plaintiff's Original Petition with Citation, at ¶ 2. Plaintiff also alleges that "Plaintiff stipulates that he seeks a maximum amount of damages that does not exceed the sum or value of $75,000, exclusive of interest and costs." *Id.* Plaintiff's live pleading does not include a separately signed stipulation of damages. When a plaintiff pleads a specific sum, as is the case here, this amount does not set the amount in controversy, because "'such manipulation is surely characterized as bad faith.'" *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920 at **5 - *6 (S.D. Tex. Feb. 18, 2016) (quoting *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 U.S. Dist. LEXIS 125197, at *4 (S.D. Tex. Sept. 3, 2013)); *Magana v. Allstate Vehicle & Prop Ins. Co.*, No. 7:16-CV-431, 2016 U.S. Dist. LEXIS 199884, at *4 - *5 (S.D. Tex. Nov. 2, 2016) (a petition limiting damages to less than $75,000 is a "tactical manipulation" and does not set the amount in controversy).

12.     If the amount in controversy is not apparent from a pleading, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v.*

*R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Here, Plaintiff sent a pre-suit demand letter in which it claimed "the specific amount alleged to be owed [on the claim]" was $96,884.46. The demand also sought $4,250 in attorneys' fees and stated the "preliminary total" of the demand was $112,276.17. **Exhibit D**, Plaintiff's August 8, 2023 demand letter at p. 4. Plaintiff's pre-suit demand therefore exceeds the amount in controversy.

13. In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). In addition to actual damages, Plaintiff further seeks exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorney's fees, [and] costs of suit . . ." **Exhibit A**, Plaintiff's Original Petition with Citation, at ¶ 37. Therefore, the allegations in Plaintiff's pre-suit demand letter coupled with the types of damages it seeks in its Original Petition make clear that the threshold for diversity jurisdiction, $75,000, is established.

14. Last, Plaintiff's counsel has conceded that "we believe our damages, fees, and interest may eclipse $75k" and refused to sign a binding stipulation of damages despite statements in the petition to the contrary. *See* **Exhibit E,** Dec. 19, 2023 Email from Plaintiff's Counsel.

15. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

## III.
## CONCLUSION

16. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

17. WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served electronically via e-mail and Certified Mail this the 19th day of December, 2023 to:

| | |
|---|---|
| Gregory J. Finney<br>Stephen R. Walker<br>Juan A. Solis<br>Law Office of Manuel Solis, PC<br>6705 Navigation Blvd.<br>Houston, Texas 77011<br>gfinney@manuelsolis.com<br>swalker@manuelsolis.com<br>jusolis@manuelsolis.com | *#9414 7266 9904 2178 2264 47* |

                                          */s/ Patrick M. Kemp*
                                          Patrick M. Kemp