

**null / ALL**
**Transmittal Number: 28048467**
**Date Processed: 11/22/2023**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>3 Nationwide Plz<br>Columbus, OH 43215-2410 |

| | |
|---|---|
| Electronic copy provided to: | Ashley Roberts |

| | |
|---|---|
| Entity: | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| Entity Served: | Nationwide General Insurance Company |
| Title of Action: | Juan Garcia vs. Nationwide General Insurance Company |
| Matter Name/ID: | Juan Garcia vs. Nationwide General Insurance Company (14888820) |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Midland County District Court, TX |
| Case/Reference No: | CC25458 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 11/21/2023 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Law Offices Of Manuel Solis, PC<br>n/a |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**DEFENDANT'S
EXHIBIT A**

DELIVERED

11 / 21 / 2023

CITATION
**CLERK OF THE COURT**
Alex Archuleta, District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

BY: DAS PSC: 211
ATX Process, LLC

**ATTORNEY REQUESTING SERVICE**
GREGORY FINNEY
6657 NAVIGATION BLVD.
HOUSTON, TX 77011

THE STATE OF TEXAS

**NOTICE TO NATIONWIDE GENERAL INSURANCE COMPANY:**

**"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TexasLawHelp.org."**

TO:  **NATIONWIDE GENERAL INSURANCE COMPANY**

GREETINGS: "You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the **COUNTY COURT AT LAW** of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **November  8th, 2023**

The file number of said suit being: **CC25458**

The style of the case is:

**JUAN GARCIA**
**VS**
**NATIONWIDE GENERAL INSURANCE COMPANY**

A copy of **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** OF SAID COURT, at office in Midland, Texas, on November  14th, 2023.

ALEX ARCHULETA
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

By: CCortez ,
ACortez    Deputy

# OFFICER'S RETURN

**CC25458**             **COUNTY COURT AT LAW**

**JUAN GARCIA**
**VS**
**NATIONWIDE GENERAL INSURANCE COMPANY**

**ADDRESS FOR SERVICE:**
NATIONWIDE GENERAL INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH ST. STE. 620
AUSTIN, TX 78701

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND,** with the date of delivery endorsed thereon, at the following time and places, to wit:
Name                                       Date/Time              Place/Location

_____   _____   _____

**NOT EXECUTED** FOR THE FOLLOWING REASON: _____

The diligence used in finding said defendant being:_____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being:_____

_____,Sheriff

**FEES FOR SERVICE $**_____         _____, County, Texas
    (Of Citation)

By: _____,Deputy

**STATE OF TEXAS**
**COUNTY OF MIDLAND**

## VERIFICATION

BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.
Given under my hand and seal of office this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address                   (First, Middle, Last)
Is _____.
    (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____ 20____.

_____         _____
Declarant/Authorized Process Server                (Id # & expiration of certification)

Midland County  - District Clerk - County Court at Law Court

Filed 11/8/2023 3:47 PM
Alex Archuleta
District Clerk
Midland County, Texas
/s/ Angela Gardea

CAUSE NO. CC25458

| | | |
|---|---|---|
| **JUAN GARCIA,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **MIDLAND COUNTY, TEXAS** |
| | § | |
| **NATIONWIDE GENERAL** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Juan Garcia ("Plaintiff") and files this Original Petition against Nationwide General Insurance Company ("Defendant") and, in support of thereof, would respectfully show the Court the following:

### I.
### DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1.      Plaintiff intends to conduct discovery under Level 1. Tex. R. Civ. P. 190.2.

2.      Plaintiff seeks monetary relief under $250,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees. Tex. R. Civ. P. 47. Further, Plaintiff stipulates that he seeks a maximum amount of damages that does not exceed the sum or value of $75,000, exclusive of interest and costs. Removal would be improper because there is no federal question. Plaintiff has not asserted any claims arising under the Constitution, treaties or laws of the United States of America. 28 U.S. Code § 1331. Further, removal would be improper because federal courts lack subject matter jurisdiction over this action, as the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S. Code § 1332.

## II.
## CONDITIONS PRECEDENT

3.      Pursuant to Tex. R. Civ. P. 54, Plaintiff asserts that all conditions precedent to recovery have been performed, or have occurred, or been waived. As far as the relevant insurance contract/policy has repair or replacement as a condition to the receipt of additional policy benefits, including replacement cost benefits, Defendant's conduct and/or failure to pay has precluded Plaintiff's performance of any such condition and/or in the alternative that condition is fulfilled by Defendant's conduct and/or non-payment. Alternatively, Defendant's original and/or predecessor's breach waived any such condition.

## III.
## PARTIES, JURISDICTION AND VENUE

### A.      PARTIES

4.      Plaintiff Juan Garcia is a Texas resident, who resides at 3400 Bedford Ave., Midland County, Midland, Texas 79703.

5.      Defendant Nationwide General Insurance Company is an insurance company doing business in the State of Texas, which may be served through the person listed below or any other officer or director, registered agent, at Corporation Service Company 211 E 7th St. Ste. 620, Austin Texas, 78701. As it relates to the event giving rise to this Petition, Plaintiff invokes the right to institute this suit against any entity that was conducting business using the assumed or common name of Nationwide General Insurance Company. Pursuant to Tex. R. Civ. P. 28, Plaintiff moves the Court to order Defendant to substitute its true name if different from the name stated herein.

### B.      JURISDICTION

6.      The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

7.      The Court has both general and specific personal jurisdiction over Defendant. The Court has general jurisdiction over Defendant, as Defendant has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections and obligations of this State's laws. Defendant's contacts with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into contracts for insurance in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas, accepting policy premiums in Texas and adjusting insurance claims in Texas. This activity was not the unilateral activity of another party or a third person.

8.      Defendant's contacts with Texas, relied upon by Plaintiff, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities. The Court has jurisdiction over Defendant because: (1) Defendant purposefully availed itself of the benefits of conducting activities in Texas and (2) the causes of action arise from or relate to those contacts or activities.

9.      The Court has specific jurisdiction over this matter as it involved the execution, performance and breach of a Texas insurance contract with Plaintiff, who is a Texas resident, with regards to an insured risk and/or property located in Texas. As a matter of law, Defendant conducted business in this State because, without limitation, Defendant conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiff in Midland County, Texas. Defendant has sufficient and/or minimum contacts with this State and thus Plaintiff affirmatively asserts the Court's exercise of jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice."

### C.    VENUE

10.    Venue is proper in Midland County because all or a substantial part of the events or omissions giving rise to the claim occurred in Midland County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(l). The property subject to this dispute and which is owned by Plaintiff is located in Midland County. The insurance policy insuring the property was executed in Midland County. The damage to the property resulted from an event or occurrence in Midland County. The resulting insurance claim that was made by Plaintiff, the property inspection performed by Defendant, and the denial and/or underpayment of the insurance claim by Defendant all occurred in Midland County.

### IV.
### FACTUAL BACKGROUND

11.    Juan Garcia is a named insured under a property insurance policy issued by Nationwide General Insurance Company.  The policy number is ***5926.

12.    On or about June 16, 2022, Plaintiff suffered significant damage to the insured Premises. Specifically, a fire commenced in a portion of the property and quickly spread to other areas, causing severe damage throughout, before it could be contained. Thereafter, Plaintiff filed a claim on his insurance policy. The claim number assigned to this claim by the Defendant is 412373-GN.

13.    Plaintiff asserts that Defendant improperly denied and/or underpaid the claim.

14.    Plaintiff asserts that Defendant conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection and/or undervalued the damages observed during the inspection.

15.    Defendant performed an outcome-oriented investigation of Plaintiff's claim. Defendant's improper claims handling included Defendant's biased claims adjustment, and an

unfair and inequitable evaluation of Plaintiff's losses on the property. In addition, Defendant's claims handling included both an unreasonable investigation and underpayment of Plaintiff's claim.

## V.
## CAUSES OF ACTION AND ATTORNEY'S FEES

16.     Plaintiff incorporates the foregoing for all purposes.

### A.     BREACH OF CONTRACT

17.     Plaintiff and Defendant entered into an insurance contract. Defendant breached this contract by, without limitation, inadequately and/or improperly investigating Plaintiff's insurance claim, wrongfully denying and/or underpaying the claim. Defendant damaged Plaintiff through its actions and/or inactions described herein.

### B.     PROMPT PAYMENT OF CLAIMS STATUTE

18.     Defendant's failure to pay for Plaintiff's losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.001 *et seq.* of the Texas Insurance Code, including without limitation §§ 542.055-.058.

19.     To prevail under a claim for TPPCA damages under section Tex. Ins. Code §§ 542.058 the insured must establish: (1) the insurer's liability under the insurance policy and (2) that the insurer has failed to comply with one or more sections of the TPPCA in processing or paying the claim. Plaintiff asserts Defendant failed to pay for covered losses and by default, has not paid within 60 days of its receipt of all information it needed to adjust the insurance claim. Section 542.058 imposes liability even if the insurer had a reasonable basis for denying coverage.

20.     The sixty-day prompt payment "deadline" is calculated from the date an insurance company receives all items reasonably requested and required to issue a claims decision. This date

is set and/or may be set, as a matter of law, on the date Defendant sent its claims decision letter to Plaintiff.

21.    In addition to Plaintiff's claim for damages, Defendant's violation of the Tex. Insurance Code entitles Plaintiff to penalties, interest and attorney's fees as set forth in Section 542.060 of the Texas Insurance Code.

## C.    BAD FAITH

22.    Defendant is an insurance company and insured Plaintiff's property. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

23.    Defendant violated Section 541.051 of the Texas Insurance Code by, without limitation, making statements misrepresenting the terms and/or benefits of the policy.

24.    Defendant also violated Section 541.060 by, without limitation:

    a.    Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;
    b.    Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;
    c.    Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;
    d.    Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or
    e.    Refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

25.    Defendant violated Section 541.061 by, without limitation:

    a.    Making an untrue statement of material fact;
    b.    Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; and/or
    c.    Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

26.     Actual damages under the Insurance Code are those damages recoverable at common law, which include benefit-of-the-bargain damages representing the difference between the value as represented and the value received. Defendant's unfair refusal to pay the insured's claim caused Plaintiff's damages in this matter which are, at minimum, the amount of policy proceeds wrongfully withheld by the insurer. Plaintiff seeks such damages and all other damages at law and equity.

27.     Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to and does seek exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

28.     Defendant violated its duty of good faith and fair dealing and incorporates its allegations set forth above. A special relationship exists, as a matter of law, between an insurer and the insured arising out of the parties' unequal bargaining power and the exclusive control that the insurer exercises over the processing of claims and the canceling of insurance contracts. An insurer fails to comply with its duty of good faith and fair dealing by, inter alia, failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim when the insurer's liability has become reasonably clear or refusing to pay a claim without conducting a reasonable investigation of the claim. A finding of a breach of the common-law duty of good faith and fair dealing entitles a plaintiff to recovery of all damages proximately caused by the wrongful conduct, as well as punitive damages governed by tort principles based on the degree of culpability. Plaintiff was damaged by Defendant's bad faith conduct and seeks damages for the same.

### D.     ATTORNEY'S FEES ADDITIONAL CLAIMS & DAMAGES

29.     Plaintiff also seeks to recover damages and/or actual damages "caused by" Defendant's Insurance Code violations. This includes, without limitation, damages resulting from

Defendant's delay in payment, resulting from Defendant's unreasonable investigation. This includes, without limitation, costs for temporary repairs, additional property damage to Plaintiff's home during the pendency of the claims process, this litigation and costs associated with appraisal costs or sums related to pre-appraisal damage assessments. Additional property damage to Plaintiff's home during the pendency of the claims process and this litigation may be measured at, or beyond the date of loss as one or more elements and/or types of damage have arisen since the claim was filed and adjusted by the insurance company. Because of the ongoing nature of damages, Plaintiff asserts that damages may be measured as of any reasonable date even if beyond the date of loss.

30.     Plaintiff also seeks damages to compensate Plaintiff for the tangible and intangible consequences, suffering, stress and mental anguish of having to live with an unrepaired home for months.

### E.     ATTORNEY'S FEES

31.     Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

32.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiff presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

33.     Plaintiff further prays for all reasonable attorney's fees incurred in prosecuting the causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

**VI.**
**DISCOVERY REQUESTS**

34.      Defendant is required to disclose, within thirty (30) days of the Defendant's

Answer, the information or material described in Texas Rule of Civil Procedure 194.

**VII.**
**TEX. R. CIV. P. 193.7 NOTICE**

35.      Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and

counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those

documents produced by all parties in response to requests for production and/or requests for

disclosure in this matter.

**VIII.**
**JURY DEMAND**

36.      Pursuant to Tex. R. Civ. P. 216, Plaintiff hereby demands a trial by jury and has

tendered the appropriate fee.

**IX.**
**PRAYER**

37.      WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be

cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment

against Defendant for actual damages, together with exemplary damages, statutory damages, treble

damages, statutory interest, pre-judgment interest, post-judgment interest, attorney's fees, costs of

suit, and for all such other and further relief, both general and special, in law and in equity, to

which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF MANUEL SOLIS, PC
6705 Navigation Blvd.
Houston, TX 77011
Phone: (713) 277-7838
Fax: (713) 583-0541

By:/s/ *Gregory J. Finney*
Gregory J. Finney
Texas Bar No. 24044430
Email: gfinney@manuelsolis.com
Stephen R. Walker
Texas Bar No. 24034729
Email: swalker@manuelsolis.com
Juan A. Solis
Texas Bar No. 24103040
Email: jusolis@manuelsolis.com

ATTORNEYS FOR PLAINTIFF



THE HONORABLE OFFICE OF

ALEX ARCHULETA

MIDLAND COUNTY DISTRICT CLERK

500 N. LORAINE STREET, 3ʳᵈ FLOOR, MIDLAND, TEXAS 79701

OFFICE: 432-688-4500   FAX 432-688-4934

Enclosed is an Acknowledgement Form for you to complete and return to the District Clerk's Office. This is confirmation of your contact information.

Please complete and return to:

Alex "Lex" Archuleta
Midland County District Clerk
500 N Loraine, Suite 300
Midland, TX 79701

or

Email Address: AArchuleta@mcounty.com (Most Recommended)

Notify this office should your contact information change.

Thank you.

Midland County District Clerk's Office

By: _____ ACortez _____
        Deputy Clerk  ACortez



THE HONORABLE OFFICE OF

ALEX ARCHULETA

MIDLAND COUNTY DISTRICT CLERK

500 N. LORAINE STREET, 3ᴿᴰ FLOOR, MIDLAND, TEXAS 79701

OFFICE: 432-688-4500   FAX 432-688-4934

# ACKNOWLEDGMENT

I, _____, on _____
                (PRINT NAME)                       (DATE)

have provided my email address, mailing address, and phone
number to the District Clerk's Office to receive future
correspondence.


_____

Signature


Email Address: _____
                                     (Please print clearly)

Mailing Address: _____
                                     (Please print clearly)

Phone Number: _____
                                     (Please print clearly)


CAUSE NO. CC25458 _____   _____
                                     CLERK'S SIGNATURE